BURROUGHS et al. v. FOSTER et al.

(Supreme Court, Appellate Division, Third Department. June 28, 1911.)

VENUE (§ 52*)—CHANGE OF VENUE—CONVENIENCE OF WITNESSES—COMPETENCY AND MATERIALITY OF TESTIMONY.

In an action to recover for breach of a warranty of a horse, defendants answered, denying the warranty, and alleging that the horse was not unsound when sold, and moved for a change of venue for convenience of witnesses. There were six defendants, and the six defendants and their five material witnesses resided in a different county from the one in which the action was brought, but the witnesses in question were all in the employ of defendants. Plaintiffs showed that they had twelve witnesses as to the warranty and as to the condition of the horse. All of these witnesses resided closer to the county seat of the county in which the venue was laid than the one to which it was sought to be changed, nine of them being residents of the former county. *Held* that as the condition of the horse at the time of the sale and up to the time of the commencement of the action was material, as well as the warranty and the six defendants were familiar with the horse's condition when sold, and denied its unsoundness, the testimony proposed by plaintiffs would not be cumulative, and defendants were not entitled to a change of venue.

[Ed. Note.—For other cases, see Venue, Cent. Dig. §§ 76, 77; Dec. Dig. § 52.*]

Kellogg and Sewell, JJ., dissenting.

Appeal from Special Term, Madison County.

Action by Lorenzo J. Burroughs and another against David S. Foster and others. From an order granting defendants' motion for a change of venue, plaintiffs appeal. Order reversed.

Argued before SMITH, P. J., and KELLOGG, SEWELL, HOUGHTON, and BETTS, JJ.

M. H. Kiley, for appellants.
Adrian S. Malsan, for respondents.

BETTS, J. The plaintiffs, residents of Madison county, bought a horse of the defendants, residents of Oneida county, for $180, which

they alleged the defendants had warranted to be sound and all right, while, in fact, the horse was unsound and had many ailments at the time of the purchase, and had been continually growing worse until an action was brought; the venue being laid in Madison county. The defendants' answer was practically a denial of the warranty, and that he was unsound when sold, and an allegation that the horse was worth all that was paid for him.

A motion was made at a Special Term in Oneida county, adjoining Madison county, for a change of venue on the part of the defendants from Madison to Oneida county for the convenience of witnesses. There are six of the defendants, and from the affidavits in favor of the motion for a change of venue it fairly appears that the five additional witnesses, aside from the defendants, residents of Utica, are all employés of the defendants. Consequently their attendance can be secured at any place of trial when desired by the defendants. One of the five from her affidavit submitted on behalf of the plaintiff, would evidently not testify as the defendants expected she would, so whether she be now employed by the defendants or not it reduces their number of the witnesses aside from the parties to four, apparently all employés.

The plaintiffs in answer to the application for a change of venue specify twelve witnesses as to whether or not there was a warranty and as to the condition of the horse, which horse was a stranger to the plaintiffs until the time of its purchase. Nine of these witnesses reside in Madison county. Two other witnesses of the plaintiffs reside apparently in Oneida county at Oneida Castle, and within four miles from the courthouse in Madison county, and much nearer than they are to the Oneida county courthouse. It would seem that none of these witnesses are employed by the plaintiffs. One witness, a resident of Madison county, who knows about the condition of the horse, is employed by the plaintiffs. The veterinarian, Doyle, who examined the horse, also resides in Madison county. In addition a man by the name of Van Slyke, one of the twelve proposed witnesses of the plaintiffs and who would be necessary for both parties, resides in Utica, Oneida county, so that as far as the disinterested witnesses who are not employed by either party are concerned the much greater number of them live in the county where the action was brought.

The court at Special Term apparently placed its decision on the ground that the principal question to be determined at the trial was whether there was a warranty or not. The condition of the horse at the time of the sale and until the time of the commencement of the action would, of course, be very material, and would have to be proven by plaintiffs as would also be the care that was given to him by the plaintiffs, so that the plaintiffs must have their witnesses at the trial as to the condition of the horse. As defendants knew the horse well and practically denied it was unsound when sold, the court cannot from the affidavits submitted hold that the testimony proposed by plaintiffs as to its condition would be cumulative.

I think the venue was improperly changed from Madison county to Oneida county, and that the order should be reversed with costs.

Order reversed, with $10 costs and disbursements, and motion denied, with $10 costs to abide the event of the action. All concur except KELLOGG and SEWELL, JJ., dissenting.